UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARYLAND CASUALTY COMPANY AND AIRPORT EXPRESS LUBE, L.L.C.** | **CIVIL ACTION NO: 05-1399-DLD** |
| **VERSUS** | **CONSENT CASE** |
| **WAL-MART STORES, INC. D/B/A WAL-MART SUPERCENTER STORE NO. 935 AND WAL-MART ASSOCIATES, INC. d/b/a WAL-MART SUPERCENTER STORE NO. 935** | |

## RULING

This products liability action comes before this Court on a motion for summary judgment (rec. doc. 73) filed by Wal-Mart Stores, Inc. d/b/a Wal-Mart Supercenter Store No. 935 and Wal-Mart Associates, Inc. d/b/a Wal-Mart Supercenter Store No. 935 (Wal-Mart). The motion is unopposed.

### Background

Plaintiffs, Robert and Judy Southard, are the owners of Airport Express Lube, L.L.C. In December 2004, plaintiffs allegedly purchased Christmas tree lights from Wal-Mart[1] and used them to decorate a Christmas tree at their business – Airport Express Lube, L.L.C. On December 12, 2004, plaintiffs' business suffered extensive damage from a fire plaintiffs' claim was caused by the defective Christmas tree lights.

The Southard's business was insured by Maryland Casualty Company. As a result of the fire and pursuant to an assignment of rights, plaintiffs, Maryland Casualty Company

---

[1] In considering a motion for summary judgment, all facts and evidence must be taken in light most favorable to the non-movant. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Thus, we must consider the allegations that the Holiday Time lights were originally purchased from Wal-Mart in favor of the plaintiffs. It is undisputed that Wal-Mart sells Holiday Time lights.

and Airport Express Lube, L.L.C., brought suit against Wal-Mart in state court under the Louisiana Products Liability Act (LPLA), La. R.S. 9:2800.53, *et seq.* Plaintiffs allege in the petition that the fire occurred solely as a result of the defective lights purchased from Wal-Mart, and it caused damage to the premises, the inventory, and the business opportunities of the plaintiffs. Plaintiffs allege that Wal-Mart is the "manufacturer" of the Christmas tree lights for purposes of the LPLA; therefore, it should be held liable for plaintiffs' damages.[2]

In February 2007, Wal-Mart filed a motion for summary judgment (rec. doc. 33), which was under advisement by the court at the time of the deposition of Wal-Mart's corporate representative. Following that deposition, the parties acknowledged that the identity of neither the manufacturer(s) nor the supplier of the lights in this case could be determined because the UL tags on the lights at issue in this lawsuit were consumed by the December 12, 2004, fire. (rec. doc. 53, rec. doc. 54) However, the court denied Wal-Mart's motion for summary judgment on the basis that there was an issue of material fact with regard to whether Wal-Mart could be deemed to be the manufacturer of the lights under the LPSA as an entity which labels a product as its own, or otherwise holds itself out as the manufacturer. (rec doc. 62) Thereafter, plaintiff Maryland Casualty voluntarily dismissed its claims with prejudice (rec. doc. 67), while the Southards' counsel withdrew (rec. doc. 71) from his representation of the Southards. Plaintiffs Judy M. Southard and Robert C. Southard, Jr., are now appearing herein *pro se.*

---

[2]Wal-Mart removed plaintiffs' petition to this Court on December 13, 2005, based on diversity jurisdiction. Thereafter, plaintiffs Robert and Judy Southard filed an amending petition adding themselves as plaintiffs and asserting a claim for recovery for replacement costs of the building, loss of income and revenue of the business, loss of rental income, loss of future business, and other losses.

**Arguments of the Parties**

Wal-Mart believes it is entitled to summary judgment because the plaintiffs cannot prove that the string of lights in question was unreasonably dangerous as defined by the Louisiana Products Liability Act ("LPLA").

**Summary Judgment Standard**

Summary judgment is appropriate when, after considering the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *LeMaire v. Louisiana Department of Transportation and Development*, 480 F.3d 383 (5th Cir. 2007), *citing* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Id.*, *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial. *Id.* This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In considering a summary judgment motion, all facts and evidence must be taken in light most favorable to the non-movant. *United Fire & Cas. Co. v. Hixson Bros., Inc.,* 453 F.3d 283, 285 (5th Cir. 2006). The court may not make credibility findings, weigh the evidence, or resolve factual disputes. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513, *citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110 (2000); see also *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). However, summary judgment must be entered against the plaintiffs herein, on

3

a properly supported defense motion, if they fail to make an evidentiary showing in their opposition to the motion sufficient to establish the existence of an element essential to her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

**Substantive Law and Analysis**

Wal-Mart's second motion for summary judgment is based on the theory that, in order to prevail, plaintiffs must prove that their damages were proximately caused by a "characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." La. R.S. 9:2800.54. The Louisiana Products Liability Act (LPLA) provides the exclusive remedy for recovery against manufacturers of allegedly defective products. La. R.S. 9:2800.52; *Touro Infirmary v. Sizeler Architects*, 947 So.2d 740 (La. App. 4th Cir. 2006). Pursuant to the LPLA, in order to establish manufacturer's liability,[3] a claimant must show (1) that defendant is a manufacturer of the product, (2) that claimant's damage was proximately caused by a characteristic of the product, (3) that this characteristic made the product "unreasonably dangerous," and (4) that claimant's damage arose from a reasonably anticipated use of the product by claimant or someone else. *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254 (5th Cir. 2002); La. R.S. 9:2800.54. In order for a product to be "unreasonably dangerous," it must either: (a) be defective in construction, (b) be defective in design, (c) have an inadequate warning, or (d) fail to conform to an express warranty. *Id.*

---

[3] For purposes of this motion only, the court assumes Wal-Mart to be the manufacturer of the lights at issue in this lawsuit.

Pursuant to the LPLA, a "reasonably anticipated use" means a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances. La. R.S. 9:2800.53(7). There has been no argument to suggest that plaintiff did not use the lights in a manner which would be reasonably anticipated; thus, for purposes of this motion, the court will assume that the damages arose from a reasonably anticipated use of the lights; *i.e.* placing them on a Christmas tree. However, in order for plaintiffs to sustain their burden of proof under La. R.S. 9:2800.54, plaintiffs must prove that their damages were proximately caused by a characteristic of the Christmas tree lights; that the lights were defective in construction or composition, defective in design, contained an inadequate warning, or failed to conform to an express warranty. *Id.*

The court first addresses whether or not the lights were defective in construction or composition. To be considered unreasonably dangerous in either construction or composition, plaintiffs must show that "at the time the product left the manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product, or from otherwise identical products manufactured by the same manufacturer." La. R.S. 9:2800.55. Wal-Mart argues that they requested plaintiffs to identify the manner in which the plaintiffs' strings of lights differed from the manufacturer's specifications, performance standards, or otherwise identical products manufactured by the same manufacturer, and the plaintiffs responded that "use of the Christmas tree lights in question resulted in a fire that destroyed my place of business." (rec. doc. 73-3, pgs 9-10) As plaintiffs failed to respond to the motion for summary judgment, the court reviewed the pleadings, and noted that, subsequent to the fire, plaintiffs

5

purchased exemplar lights from two different Wal-Mart stores, but never raised the issue that the lights they used on the tree were materially different from the exemplar lights they purchased. In failing to raise the issue, plaintiffs thus have failed to present any evidence to create an issue of material fact regarding the issue of defective construction or composition of the lights in question.

Next, in order to prevail on a claim under the LPLA based on defective design, plaintiffs must show, at a minimum, that an alternative design existed that, if adopted, would have prevented the alleged damages from the fire. La. R.S. 9:2800.56.[4] As plaintiffs failed to oppose the motion for summary judgment, the court again looked to the pleadings for evidence that plaintiffs were at least aware that an alternative design existed. Plaintiffs responded to an interrogatory, stating that they have "no knowledge of an alternative design." (rec. doc. 73-3, pg 8) By acknowledging that they have no knowledge of any alternative design (or offering any expert testimony regarding same), plaintiffs have failed to present any evidence to create an issue of material fact regarding the issue of defective design.

The court now addresses whether or not the lights were defective because of an inadequate warning. Under La. R.S. 9:2800.57, a product is defective when it has a dangerous design characteristic about which the manufacturer has not used reasonable care to warn. Wal-Mart asserts that the exemplar set of lights provided by plaintiffs

---

[4]La. R.S. 9:2800.56 states: A product is unreasonably dangerous in design if, at the time the product left its manufacturer's control:

(1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and(2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

6

contained literature, clearly stating the following: "VERY IMPORTANT!  Please read carefully all cautions to reduce risk of fire and electrical shock."  Enclosed with that set of lights was a detailed warning outlining the proper use of the lights.  (rec.doc. 73-5, pgs 1-2) Plaintiffs, in failing to rebut Wal-Mart's contentions, and failing to argue that their lights did not contain the same warning, have thus presented no evidence to create an issue of fact with regard to whether the lights failed to contain an adequate warning regarding the use of the lights.

Finally, the court addresses the theory that the lights were defective because they did not conform to an express warranty.  La. R.S. 9:2800.58 states that a product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.  In order to survive summary judgment, plaintiffs must provide evidence that would create a genuine issue of material fact that: (1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of that warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiffs' damage was proximately caused because the express warranty was untrue. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 452 (5th Cir.2002). An express warranty is:

> [A] representation, statement of alleged fact or promise about a product or its nature, material or workmanship that represents, affirms or promises that the product or its nature, material or workmanship possesses specified characteristics or qualities or will meet a specified level of performance. "Express warranty" does not mean a general opinion about or general praise of a product. A sample or model of a product is an express warranty.

*Id.* at 451-52 (quoting La. R.S. 9:2800.58).

7

Again, as plaintiffs failed to oppose the motion for summary judgment, the court reviewed the pleadings, and noted that the plaintiffs failed to identify any express warranties whatsoever. (rec. doc. 73-3, pg 9) In failing to identify any express warranties, plaintiffs are precluded from claiming that an express warranty induced them to use the product. Plaintiffs thus have failed to present any evidence to create an issue of material fact that the lights were defective because they did not conform to an express warranty.

The mere fact that an accident occurred is not sufficient to establish that a product is defective or unreasonably dangerous. *Guidry v. Aventis Pharmaceuticals, Inc.*, 418 F.Supp.2d 835 (M.D. La. 2006); *Morris v. Unites Services Auto. Ass'n*, 756 So.2d 549, 558 (La. App. 2nd Cir. 2/18/00). The defendant is correct that a defect cannot be inferred solely from the occurrence of an accident, and the plaintiffs must submit adequate evidence to prove each element of a claim under the LPLA. *Ashley v. General Motors Corpl*, 666 So.2d 1320 (La. App. 2 Cir. 1996.)

## Conclusion

Accordingly, as the plaintiffs have failed to submit any evidence to prove each element of an LPLA claim, Wal-Mart's second Motion for Summary Judgment (rec. doc. 73) is **GRANTED**, and this matter is **DISMISSED** in its entirety.

Signed in Baton Rouge, Louisiana, on June 18, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**